IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00908-BNB

GLORIA HUIZAR SANTOYO,

     Plaintiff,

v.

LEPRINO FOODS,

     Defendant.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 0 5 2009

GREGORY C. LANGHAM
CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Gloria Huizar Santoyo, filed *pro se* a Title VII Complaint.  She has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

The Court must construe the Title VII Complaint liberally because Ms. Santoyo is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Ms. Santoyo will be ordered to file an amended complaint.

The Court has reviewed the Title VII Complaint and has determined that the Title VII Complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City,*

*Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).

The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV*

*Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo.

1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a

complaint "must contain (1) a short and plain statement of the grounds for the court's

jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is

entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is

reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple,

concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis

placed on clarity and brevity by the federal pleading rules. Prolix, vague, or

unintelligible pleadings violate the requirements of Rule 8.

Ms. Santoyo fails to provide a short and plain statement of her claims showing

that she is entitled to relief. Ms. Santoyo has checked a variety of blanks on the

preprinted Title VII Complaint form indicating that Defendant discriminated against her

on the basis of race, sex , age, disability, and by failing to transfer her and provide her

with assistance after an injury. However, Ms. Santoyo fails to assert any facts in

support of these vague and conclusory allegations that indicate she is entitled to relief.

Although Ms. Santoyo attaches to her Title VII Complaint copies of the Charge of

Discrimination and Dismissal and Notice of Rights of the Equal Employment

Opportunity Commission rejecting her administrative claim, that decision does not

provide the Court with the factual basis for the claims Ms. Santoyo is asserting in this

action. In fact, to the extent the Court can discern from the attached Charge of

2

Discrimination the factual nature of her claims, it appears that Ms. Santoyo claimed in the administrative proceedings only that Defendant discriminated against her on the basis of her sex and disability.  There is no indication that Ms. Santoyo raised in the administrative proceedings any claims that she was discriminated against on the basis of her race or that Defendant failed to transfer her or provide her with assistance after an injury as indicated in the Title VII Complaint.

Therefore, Ms. Santoyo will be ordered to file an amended complaint if she wishes to pursue her claims in this action.  Ms. Santoyo is advised that she must provide a short and plain statement of her claims that allows the Court and Defendant to understand what she is claiming in this action and to be able to respond to those claims.  Accordingly, it is

ORDERED that Plaintiff, Gloria Huizar Santoyo, file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order.  It is

FURTHER ORDERED that the clerk of the Court mail to Ms. Santoyo, together with a copy of this order, two copies of the following form:  Title VII Complaint.  It is

FURTHER ORDERED that if Ms. Santoyo fails within the time allowed to file an amended complaint that complies with this order the complaint and the action will be dismissed without further notice.

3

DATED May 5, 2009, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-00908-BNB

Gloria Huizar Santoyo
3922 W. 24th Ave.
Denver, CO 80212

     I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint form** to the above-named individuals on _5/5/09_

GREGORY C. LANGHAM, CLERK

By: _____
               Deputy Clerk